IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| GARLOCK SEALING TECHNOLOGIES, LLC; GARRISON LITIGATION MANAGEMENT GROUP, LTD., | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 3:14-cv-137 |
| BENJAMIN SHEIN; BETHANN KAGAN; SHEIN LAW CENTER, LTD., | ) ) ) | |
| Defendants. | ) | |

## ORDER

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 45), as well as the parties' attendant briefs on this motions. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

This is one of four cases currently pending before this Court that originated in bankruptcy as adversary proceedings. Plaintiffs brought these claims against a number of lawyers who allegedly engaged in fraud in settling their clients' mesothelioma claims with Garlock in various state court tort actions. More specifically, the Complaint alleges that Defendants knowingly and intentionally concealed evidence of their clients' exposure to other asbestos manufacturers' products for the purpose of inflating the settlement value of their tort cases against Garlock while simultaneously pursuing or planning to pursue claims in the bankruptcy tort system against these other manufacturers. These allegations echo findings made by the bankruptcy judge, Hon. George R. Hodges, in conjunction with his estimation order of January 10, 2014. *See In re Garlock Sealing Techs., LLC*, 504 B.R. 71 (Bankr. W.D.N.C. 2014). Judge Hodges conducted a

1

hearing for the purpose of making a reasonable and reliable aggregate estimate of Garlock's liability for future and present mesothelioma claims, and after hearing evidence from fifteen settled cases, found that Garlock's prior mesothelioma settlements were not a reliable predictor of liability because misrepresentation had infected them:

> [T]he fact that *each and every one of them* contains such demonstrable misrepresentation is surprising and persuasive. More important is the fact that the pattern exposed in those cases appears to have been sufficiently widespread to have a significant impact on Garlock's settlement practices and results.

*Id.* at 85. That court went on to describe the plaintiffs' lawyers' conduct in these cases as forming a "startling pattern of misrepresentation." *Id.* at 86. These findings apparently led the bankruptcy estate to bring the instant lawsuits, which allege claims for common law fraud and civil conspiracy as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

On July 23, 2014, Hon. Max O. Cogburn issued an order withdrawing the reference to bankruptcy in these cases. (*See* Case No. 3:13-cv-464, Doc. No. 90). Judge Cogburn found that these were non-core proceedings which could not be tried in bankruptcy court without the consent of all the parties; as that consent was not forthcoming, Judge Cogburn removed the reference pursuant to 28 U.S.C. § 157(d). These cases were subsequently assigned to the undersigned on October 24, 2014. On March 9, 2015, this Court denied Defendants' motion to transfer venue. (*See* Doc. No. 60).

## II. LEGAL STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise

2

to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

### A. Timeliness of Claims

Defendants argue at length that Garlock's claims are time-barred because it was aware of the fraud alleged in the Complaint while it was settling the mesothelioma claims against it in 2009. Defendants correctly note that the statute of limitations for Garlock's federal civil RICO and state law fraud claims are three and four years, respectively, and that the Complaint was not filed until January 9, 2014. Because Garlock "knew or should have known" of its injury while these settlement negotiations were taking place, Defendants argue, its claims are well outside these deadlines.

In response, Garlock argues that it did not discover Defendants' fraud until January 2013; thus the Complaint was filed well within the applicable statutes of limitations. Indeed, the Complaint alleges as much. (*See, e.g.*, Compl. ¶ 12). Perhaps more importantly, Garlock notes that the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and argues that it is not appropriate for consideration on a motion to dismiss, *see Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) ("[A] motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.").

3

Indeed, the Fourth Circuit in *Goodman* acknowledged the "relatively rare circumstance" in which sufficient facts to rule on an affirmative defense are alleged in the complaint, but noted that "[t]his principle only applies . . . if all facts necessary to the affirmative defense clearly appear *on the face of the complaint*." *Id.* (internal quotations omitted).

Here, the point in time when Garlock knew or should have known of the alleged fraud being committed against it is clearly in dispute. Having carefully reviewed the Complaint and the parties' arguments on this issue, the Court finds that all the facts necessary to resolve this issue do not clearly appear on the face of the Complaint; thus Defendants' motion to dismiss the claims as time-barred will be denied as premature. Defendants are free to re-assert these arguments at summary judgment.

**B. Failure to State a Claim**

Defendants also argue that Garlock has failed to plead its claims with particularity as required by FRCP 9.[1] The Court has carefully reviewed the Complaint and finds that Garlock's claims of common law fraud, civil conspiracy, and RICO are pled with particularity, and that the Complaint alleges more than sufficient facts to establish each element of each of these claims.

Defendants' primary contention in favor of dismissing these claims is that Garlock improperly refers to the "Defendants" collectively in the Complaint, and that it otherwise fails to plead sufficient facts to support a claim for fraud. Garlock vehemently disputes these assertions, and points the Court to specific examples of very detailed allegations in the Complaint. Rather than proceed through each of these examples, the Court will simply note that Garlock successfully alleges that Defendants engaged in a wide-ranging, systematic, and well-concealed

---

[1] In addition to the pleading requirements of Rule 8, FRCP 9 requires that allegations of fraud must be pled with particularity, and include the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

fraud designed to suppress evidence and inflate settlement values for mesothelioma claims. Indeed, the bankruptcy court found as much when it reviewed a number of these cases. *See* 504 B.R. at 85 (noting that "each and every one" of the cases reviewed by the court contained "demonstrable misrepresentation" which "appears to have been sufficiently widespread to have a significant impact on Garlock's settlement practices and results."). The Court takes no effort to weigh the evidence as this stage in the proceedings; rather, it finds that the allegations in the Complaint are pled with particularity and are more than adequate to state a claim for fraud against each of the named Defendants.

So, too, does Garlock sufficiently plead a claim under RICO. Defendants broadly contend that actions in the litigation context cannot, as a matter of course, serve as predicate acts for RICO. Indeed, some courts have declined to find that routine litigation activities can serve as predicate acts of mail and wire fraud for the purposes of RICO. (*See* Doc. No. 46 at 6-10). But the Court agrees with Plaintiffs that there exists no "broad shield from RICO for attorney advocacy." *Crowe v. Smith*, 848 F. Supp. 1258, 1264 (W.D. La. 1994); *see also Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 364 (9th Cir. 2005) (noting the non-existence of "any federal case which holds that a party's litigation conduct in a prior case is entitled to absolute immunity and cannot form the basis of a subsequent federal RICO claim"). The Court also notes that Defendants' conduct as alleged in the Complaint goes well past the kind of routine litigation activities that these courts have found inadequate to state a claim under RICO. Defendants are accused of committing rampant fraud over the course of several years in various state court proceedings. These allegations suffice to state a claim for civil RICO.

Defendants further claim that Garlock has failed to state claim for civil conspiracy, based in part on the "intracorporate conspiracy doctrine" because Garlock "fails to allege facts which

5

plausibly suggest that any defendant agreed with any person outside the Shein Law Center to commit any unlawful act." (Doc. No. 46 at 14-15). But the Court agrees with Garlock that the Complaint alleges a conspiracy with the Early Firm in relation to these allegedly fraudulent acts, and that Garlock is not required to name these other participants as defendants in this case in order to maintain this claim. (*See* Doc. No. 49 at 16-17). Otherwise, the Court finds that Garlock has sufficiently pled this claim.

The Court likewise declines to take judicial notice of the releases in the state court tort cases as Defendants request. Defendants are free to reassert this argument, as well as the other arguments in this motion, at summary judgment; however, at this early stage in the litigation, the Court finds that Plaintiffs' allegations "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 678, and the motion will be denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 45) is **DENIED.**

**SO ORDERED.**

Signed: September 2, 2015

Graham C. Mullen
United States District Judge